# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN DODSON,<br><br>          Petitioner,<br><br>    v.<br><br>PATRICK COVELLO, Warden,<br><br>          Respondent. | Case No. 5:19-cv-00003-RGK-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge.

The Court also has reviewed Petitioner's objections to the Report and Recommendation, which were filed on May 3, 2021 ("Objections"). (Objs., ECF No. 13.) As required by Federal Rule of Civil Procedure 72(b)(3), the Court has engaged in de novo review of the portions of the Report and Recommendation to which Petitioner specifically has objected.

In his Objections, Petitioner only raises arguments regarding his ineffective assistance claim in Ground One. (*See* Objs.) First, he argues that his trial lawyer Mr. Moore's alleged failure to inform him of Mr. Butts's 2005 robbery arrest

amounted to ineffective assistance of counsel. (*See* Objs. 1–2.) In the Report and Recommendation, the Magistrate Judge declined to consider this issue, reasoning that while Petitioner alleged that Mr. Moore did not inform him of Mr. Butts's 2005 arrest—as part of Petitioner's argument that Mr. Moore's statement that he had discovered and investigated this arrest was not credible—Petitioner did not argue that the failure to consult Petitioner on this issue itself constituted ineffective assistance of counsel. (Rep. & Recommendation, ECF No. 12, at 22 n.2; *see also* Pet. MP&A, ECF No. 1-1, at 21.) Now, Petitioner states that he "disagrees" and argues that he did raise this issue by alleging that "a reasonably competent attorney would have shared this information with his client and while counsel may have made the ultimate decision, a reasonably competent attorney would not have [] made a decision without client consultation." (Objs. 2; *see also* Pet. MP&A 21.)) Although it was not clear from the Petition that Petitioner intended to raise an ineffective assistance sub-claim based on these allegations, the Court exercises its discretion to consider the claim at this time. *See Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (district court has discretion to consider arguments or evidence presented for the first time in a party's objections).

Trial counsel has a duty to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688. At the same time, counsel, and not the client, is entrusted with trial strategy. *See Taylor v. Illinois*, 484 U.S. 400, 418 (1988) ("[T]he lawyer has—and must have—full authority to manage the conduct of the trial."); *United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir. 1987) ("[A]ppointed counsel, and not his client, is in charge of the choice of trial tactics and the theory of defense"). In this case, given Mr. Moore's strategic assessment that the evidence of Mr. Butts's 2005 robbery arrest would not meaningfully contribute to Petitioner's defense, Petitioner has not shown that Mr.

Moore's alleged failure to inform him of this arrest and consult him on the decision not to attempt to introduce this arrest or investigate further amounted to ineffective assistance under *Strickland*. *See Williams v. Sullivan*, No. CV 09-3982-VBF OP, 2012 U.S. Dist. LEXIS 137732, at *54–55 (C.D. Cal. Feb. 7, 2012), *report and recommendation accepted*, 2012 U.S. Dist. LEXIS 137726 (C.D. Cal. Sept. 21, 2012) ("Petitioner has not shown that counsel unreasonably failed to keep him apprised of any important development in the trial. Instead, to the extent that counsel may have determined not to pursue this evidence, it was a tactical decision regarding the management of the trial that did not implicate a fundamental client decision and did not require consultation with Petitioner.")

In any event, Petitioner has failed to demonstrate prejudice for the reasons stated in the Report and Recommendation. (*See* Rep. & Recommendation 23–24.) Petitioner argues in his Objections that this is not an "ordinary robbery arrest" but a "prior incident of extremely similar conduct and there is a very real connection between [Mr.] Butts and [Ms.] Len[c]i." (Objs. 2.) However, the Court disagrees that the alleged conduct underlying Mr. Butts's arrest was "extremely similar" to the instant case. Unlike Petitioner's case, in which Petitioner demanded his money back based on Ms. Black's alleged non-performance of services and Petitioner's sense that he was being "scammed," Mr. Butts's 2005 robbery charges were based on allegations that he and a female co-defendant, who was armed with a knife, assaulted and restrained a striptease client and stole that client's wallet. (*See* Pet. MP&A 167–74.) Even according to Petitioner's trial testimony, Mr. Butts never assaulted or threatened Petitioner; instead, he waited outside in the car and returned Petitioner's money upon demand. (*See* 2 RT 350–52.)

Petitioner also argues that the 2005 arrest implicated Ms. Lenci because Mr. Butts was working for the same agency or another agency owned by Ms. Lenci at the time of this incident, and presumably acted upon Ms. Lenci's orders in

3

committing the alleged robbery. (Objs. 2–3.) However, these allegations have no support in the record. Mr. Butts testified at Petitioner's 2015 trial that he had worked for the same company for seven years, which would mean that he worked for a different company in 2005. (*See* 1 RT 144.) Although Mr. Butts testified that Ms. Lenci had been his girlfriend for almost fourteen years, he did not state how long he and Ms. Lenci had worked together. (*See id.* at 138–39.) Moreover, Petitioner has not provided any evidence to show that Ms. Lenci was charged or otherwise implicated in the 2005 robbery; the preliminary hearing transcript Petitioner submitted does not mention Ms. Lenci. (*See* Pet. MP&A 162–217.) Further, as noted in the Report and Recommendation, it was Ms. Black who provided the crucial testimony against Petitioner—that Petitioner became angry and demanded his money back when she refused to have sex with him. (Rep. & Recommendation 23–24; *see also* 1 RT 56–58.)

  In sum, the Court finds no defect of law, fact, or logic in the Report and Recommendation. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections.

  IT THEREFORE IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: May 24, 2021

               */s/ Gary Klausner*
               ———————————————
               R. GARY KLAUSNER
               UNITED STATES DISTRICT JUDGE